FILED
2020 Jun-29  AM 10:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**ROBERT WHITE**                                                                 **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO.: _____**

**TIREHUB, LLC**                                                              **DEFENDANT**

### COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Robert White, by any through his counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under the Family and Medical Leave Act of 1993, as amended, against the Defendant TireHub, LLC.   In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### PARTIES

1.      Plaintiff, Robert White, is an adult male citizen of Ashville, Alabama.

2.      Defendant, TireHub, LLC, is a Delaware Corporation doing business in the State of Alabama and may be served with process through its Registered Agent: National Registered Agent, Inc., 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

### JURISDICTION AND VENUE

3.      This court has federal question jurisdiction for a cause of action arising under FMLA.

4.      This Court has personal and subject matter jurisdiction over the Defendant and, venue is proper in this Court.

### STATEMENT OF THE FACTS

5.      Plaintiff is a 55-year-old male citizen of Ashville, Alabama.

6.      Plaintiff was hired by Goodyear on October 12, 1987 and worked for almost

32 years, rising to the level of Center Manager.

7.     On July 1, 2018, Goodyear and TireHub merged.   So, on paper Plaintiff then worked for TireHub, yet Plaintiff kept all the benefits he had accumulated during his previous years of service with Goodyear.

8.     On June 17, 2018, Plaintiff suffered a non-work-related injury when he was bucked off a horse.   The incident caused severe damage to his spine.   Rods and screws were surgically implanted in his back to repair his spine.

9.     On September 1, 2018, due to Plaintiff's absence, Goodyear/TireHub transferred in Michael Kidwell to become the Acting Manager at Plaintiff's store.

10.    After being treated for the injury, Plaintiff's medical provider, Dr. Jason Pittman, released Plaintiff back to work on September 5, 2018.   Goodyear/TireHub, however, refused to allow Plaintiff to return to work until October 28, 2018.

11.    When Plaintiff returned to his position, Mr. Kidwell was relegated to the position of Assistant Manager.

12.    Mr. Kidwell was clearly disappointed by this turn of events.

13.    The Goodyear/TireHub Human Resources personnel had believed Plaintiff would be gone much longer, or might never return at all, and Mr. Kidwell had been led to believe he would become the new Center Manager.

14.    Upon Plaintiffs return to work as the Center Manager, Plaintiff directed various changes that frustrated Mr. Kidwell (e.g., cutting overtime), who complained about Plaintiff to higher level management.

15.    Despite Mr. Kidwell's complaints, between November 2018 and March 2019, Plaintiff improved the ranking of his store from 62nd of 68 all the way to 2nd.

16.     Plaintiff's rheumatologist directed Plaintiff that due to his diagnosis of Osteoporosis, it would be in his best interest to undergo a fusion procedure.

17.     Plaintiff subsequently had this procedure performed on February 26, 2019.

18.     Then on March 4, 2019, Plaintiff again underwent surgery and had his gall bladder removed.

19.     On April 4, 2019, Plaintiff was talking with his boss, Chris May.   Mr. May asked Plaintiff why he had needed to have his gall bladder removed, and Plaintiff explained it.   May then asked, "When will you be back to 100%?"   Plaintiff responded, "I'll never be back to 100%."

20.     The next day, Plaintiff was meeting with Mr. Kidwell.   Mr. Kidwell was applying for Store Manager positions at other stores and was requesting that Plaintiff give him a letter of reference.

21.     Plaintiff told Mr. Kidwell that if he wrote a letter of reference, he could either tell the truth, that Mr. Kidwell was a difficult person to work with, or he could not disclose the truth and simply say only what he knew the other store personnel would want to hear.

22.     The conversation was not heated at all, but Plaintiff was stating, in plain speak, that Mr. Kidwell was difficult to work with.

22.     After that, Plaintiff went on vacation from April 8th through the 15th.

23.     When Plaintiff returned on the April 15th, Mr. May informed Plaintiff that he was terminated.

24.     Defendant's stated reason for Plaintiff's termination was that Plaintiff had allegedly "bullied" Mr. Kidwell.

25.     Plaintiff asked Mr. May as to why he had acted on Mr. Kidwell's unfounded allegation without even asking for his (Plaintiff's) description of what occurred.   Mr. May had no reply.

26.     Prior to this allegation, Plaintiff had been written up only once.

27.     Specifically, in 2016, Plaintiff was written up for conflict of interest, when he hired an employee to perform some private work for him (i.e., the employee was struggling financially, and Plaintiff was simply trying to assist him in making some extra money).

28.     Shortly after that write up, out of frustration, Plaintiff threatened to leave his position, but was entreated to remain and given a raise.

29.     In April 2019, after nearly 32 years of faithful service, Plaintiff was terminated based on an unsubstantiated claim and not even offered a separation agreement.

30.     After the termination, Defendant filled Plaintiff's position with Mr. Kidwell.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993

31.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 30 above as if fully incorporated herein.

32.     Defendant terminated Plaintiff in retaliation for qualifying for and/or taking federally protected leave under the FMLA, 29 U.S.C. §2601 *et seq*.   It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.   In addition, it is unlawful for any employer to discharge or discriminate against any individual for opposing any practice made unlawful by the FMLA.

33.     Defendant discriminated against Plaintiff and retaliated against him based

on his previous FMLA leave and terminated him in violation of the FMLA.

34.     As a result of Defendant's intentional, discriminatory and unconstitutional acts described above, Plaintiff has suffered and continues to suffer mental anguish, humiliation, emotional distress, all to his detriment and compensable at law.

35.     The wrongful conduct of Defendant is evidenced by a consciously indifferent attitude towards employees' rights under the FMLA.   As a result of this conduct, punitive damages in excess of the minimum jurisdictional limits of this Court should be assessed against Defendant so as to deter this type of conduct in the future.

36.     Plaintiff also seeks all other relief, at law or in equity, to which he may show himself justly entitled.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury

1.     Back wages and reinstatement; or
2.     Future wages in lieu of reinstatement;
3.     Tax gross-up with all make-whole relief;
4.     Compensatory damages;
5.     Liquidated damages;
6.     Punitive damages;
7.     Lost Benefits;
8.     Pre-judgment and post-judgment interest;
9.     Attorney fees and costs; and
10.    Such other relief as the Court deems just and appropriate.

THIS the 26th day of June 2020.

Respectfully submitted,

ROBERT WHITE, Plaintiff

By:     /s Patrick Montgomery
        Patrick Montgomery (#ASB-1173-C66M)
        MON062
        Attorney for Plaintiff

OF COUNSEL:

MORGAN & MORGAN
63 South Royal Street
Suite 710
Mobile, AL 36602
Telephone: (251) 800-6030
Facsimile: (251) 800-6050
Email:   pmontgomery@forthepeople.com